Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FRANCISCO OROPEZA DURAN,
*individually and on behalf of others similarly*
*situated,*

                                    *Plaintiff,*

                      -against-

MARKETPLACE 41, INC. (d/b/a
BISTRO MARKETPLACE),
MARKET PLACE 125 INC. (d/b/a
BISTRO MARKETPLACE), SCOTT
SHIN, and TONY CHOI,

                          *Defendants.*

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**
**AND RULE 23 CLASS**
**ACTION**

**ECF Case**

       Plaintiff Francisco Oropeza Duran  ("Plaintiff Oropeza" or  "Mr. Oropeza"), individually

and on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon information and belief, and as against each of Defendants Marketplace

41, Inc. (d/b/a Bistro Marketplace), Market Place 125 Inc. (d/b/a Bistro Marketplace),

("Defendant Corporations"), Scott Shin, and Tony Choi (collectively, "Defendants"), alleges as

follows:

## NATURE OF ACTION

       1.    Plaintiff Francisco Oropeza Duran ("Plaintiff Oropeza" or "Mr. Oropeza") is a

former employee of Defendants Marketplace 41, Inc. (d/b/a Bistro Marketplace), Market Place

125 Inc. (d/b/a Bistro Marketplace), Scott Shin, and Tony Choi, who own and operate Bistro Marketplace.

2.      Bistro Marketplace is a deli/restaurant owned by Scott Shin and Tony Choi, located at 125 Park Avenue, New York, New York 10168.

3.      Upon information and belief, Defendants Scott Shin and Tony Choi serve or served as owners, managers, principal or agents of Defendant Corporations and through these corporate entities operate the deli/restaurant.

4.      Plaintiff Oropeza is a former employee of Defendants.

5.      Plaintiff Oropeza was employed as a dishwasher and delivery worker. However, in actuality his duties included a significant amount of time spent performing non-delivery, non-tipped functions such as dishwashing, cleaning the kitchen, cleaning the bathroom, bringing up food from the basement, tying up boxes for deliveries, arranging the food to be delivered, preparing and cooking food, cutting vegetables, cutting and preparing meat, cleaning tables, and applying insecticides inside the restaurant.

6.      At all times relevant to this Complaint, Plaintiff Oropeza worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Oropeza the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

2

8.      Further, Defendants failed to pay Plaintiff Oropeza the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Oropeza as a delivery worker, but in actuality his duties included a significant amount of time spent performing the non-delivery, non-tipped functions such as those alleged above.

10.     At all relevant times, regardless of duties, Defendants paid Plaintiff Oropeza and all other delivery workers at a rate that was lower than either the required minimum wage rate or the tip-credited rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Oropeza's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Oropeza's actual duties in payroll records to avoid paying Plaintiff Oropeza at the minimum wage rate, and to enable them to pay Plaintiff Oropeza at the lower tip-credited rate (which they still failed to do), by designating him as a delivery worker instead of a non-tipped employee.

13.     In addition, Defendants maintained a policy and practice of unlawfully appropriating a portion of Plaintiff Oropeza's tips whenever he made large catering deliveries.

14.     Defendants' conduct extended beyond Plaintiff Oropeza to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Oropeza and other employees to work in excess of forty (40) hours

per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiff Oropeza now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146 and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiff Oropeza now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Oropeza's state law claims is conferred by 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Oropeza was employed by Defendants in this district.

## PARTIES

*Plaintiff Francisco Oropeza Duran*

20.    Plaintiff Oropeza" or "Mr. Oropeza is an adult individual residing in Bronx County, New York.

21.    Plaintiff Oropeza was employed by Defendants from approximately August 2013 until on or about April 7, 2017.

*Defendants*

22.    At all times relevant to this complaint, Defendants own, operate, and/or control a deli/restaurant located at 125 Park Avenue, New York, New York 10168, under the name "Bistro Marketplace."

23.    Upon information and belief, Defendant Marketplace 41, Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 125 Park Avenue, New York, New York 10168.

24.    Upon information and belief, Defendant Market Place 125 Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 125 Park Avenue, New York, New York, 10168.

25.    Defendant Scott Shin is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Scott Shin is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

26.     Defendant Scott Shin possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

27.     Defendant Scott Shin determined the wages and compensation of the employees of Defendants, including Plaintiff Oropeza, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

28.     Defendant Tony Choi is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Tony Choi is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

29.     Defendant Tony Choi possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

30.     Defendant Tony Choi determined the wages and compensation of the employees of Defendants, including Plaintiff Oropeza, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

31.     Defendants operate a deli/restaurant located in the Pershing Square section of Manhattan.

32.      Individual Defendants Scott Shin and Tony Choi possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

6

33.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

34.     Each Defendant possessed substantial control over Plaintiff Oropeza's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Oropeza, and all similarly situated individuals, referred to herein.

35.     Defendants jointly employed Plaintiff Oropeza, and all similarly situated individuals, and are Plaintiff Oropeza's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

36.     In the alternative, Defendants constitute a single employer of Plaintiff Oropeza and/or similarly situated individuals.

37.     Upon information and belief, individual defendants Scott Shin and Tony Choi operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as  legal entities separate and apart from themselves by, among other things:

> (a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as  separate and legally distinct entities;
>
> (b)     defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;
>
> (c)     transferring assets and debts freely as between all Defendants;

7

(d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations or closely controlled entities;

(f)     intermingling assets and debts of their own with Defendant Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

38.     At all relevant times, Defendants were Plaintiff Oropeza's employers within the meaning of the FLSA and NYLL.

39.     Defendants had the power to hire and fire Plaintiff Oropeza, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Oropeza's services.

40.     In each year from 2013 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the deli/restaurant on a daily basis, such as food and condiments, were produced outside of the State of New York.

*Individual Plaintiff*

42.    Plaintiff Oropeza is a former employee of Defendants, employed in performing the duties of dishwasher and delivery worker.

43.    Plaintiff Oropeza seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Francisco Oropeza Duran*

44.    Plaintiff Oropeza was employed by Defendants from approximately August 2013 until on or about April 7, 2017.

45.    Defendants employed Plaintiff Oropeza as a dishwasher and delivery worker.

46.    However, when employed as a delivery worker, Plaintiff Oropeza was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

47.    Although Plaintiff Oropeza was ostensibly employed as a delivery worker, he spent over 20% of each day performing non-delivery work throughout his employment with Defendants.

48.    Plaintiff Oropeza regularly handled goods in interstate commerce, such as dishwashing liquids and cleaning supplies produced outside of the State of New York.

49.    Plaintiff Oropeza's work duties required neither discretion nor independent judgment.

50.    Prior to approximately June 2016, Plaintiff Oropeza regularly worked in excess of 40 hours per week.

51.    For a period of about two weeks in August 2013, Plaintiff Oropeza worked from

approximately 5:00 a.m. until on or about 4:00 p.m. five days a week (typically 55 hours per week).

52.    From approximately August 2013 until on or about June 2016, Plaintiff Oropeza worked an average of 63 hours per week.

53.    From approximately August 2013 until on or about June 2016, Plaintiff Oropeza was paid his wages in cash.

54.    From approximately August 2013 until on or about January 2014, defendants paid Plaintiff Oropeza a fixed salary of $400 per week.

55.    From approximately January 2014 until on or about June 2015, defendants paid Plaintiff Oropeza fixed weekly salaries for periods of at least one month; these weekly salaries started at $410 and increased in ten dollar increments until they reached $460.

56.    From approximately June 2015 until on or about June 2016, defendants paid Plaintiff Oropeza a fixed salary of $460 per week.

57.    Plaintiff Oropeza's wages did not vary regardless of how many additional hours he worked in a week.

58.    In fact, from approximately August 2013 until on or about June 2016, Defendants required Plaintiff Oropeza to work additional time past his scheduled departure time every work day, without paying him any additional compensation for the additional time he worked.

59.    Prior to June 2016, Defendants did not grant Plaintiff Oropeza any break or meal periods of any length.

60.    Plaintiff Oropeza was never notified by Defendants that his tips would be included as an offset for wages.

61.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Oropeza's wages.

62.    Defendants illegally withheld a portion of the tips that Plaintiff Oropeza earned from customers.

63.    Specifically, every time Plaintiff Oropeza made a large catering delivery, Defendants withheld a portion of the tip clients wrote in for Plaintiff Oropeza.

64.    Prior to June 2016, Defendants did not provide Plaintiff Oropeza with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

65.    Defendants never provided Plaintiff Oropeza with a written notice, in English and in Spanish (Plaintiff Oropeza's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

66.    Instead, prior to June 2016, defendants required Plaintiff Oropeza to sign a document, the contents of which he was not allowed to review, in order to get paid.

67.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Oropeza regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

68.    Defendants regularly required Plaintiff Oropeza to work in excess of forty (40) hours per week without paying him the proper minimum wage, overtime, or spread of hours compensation as required by federal and state laws.

69.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Oropeza (and all similarly situated employees) to work in excess of

forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

70.    At no time did Defendants inform their employees, including Plaintiff Oropeza, that they had reduced their hourly wages by a tip allowance.

71.    Defendants failed to inform Plaintiff Oropeza that they intended to take a deduction against his earned wages for tip income, as required by the NYLL before any deduction may be taken.

72.    Defendants failed to inform Plaintiff Oropeza that his tips would be credited towards the payment of the minimum wage.

73.    Defendants failed to maintain a record of tips earned by Plaintiff Oropeza for the deliveries he made to customers.

74.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Oropeza by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving tipped employees of a portion of the tips earned during the course of employment.

75.    Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Oropeza, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

76.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

77.     Prior to June 2016, defendants habitually required their employees, including Plaintiff Oropeza, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

78.     Defendants required Plaintiff Oropeza, and all other delivery workers, to perform general non-delivery, non-tipped tasks in addition to their primary duties as delivery workers.

79.     Plaintiff Oropeza and all other similarly situated employees, were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

80.     Prior to June 2016, Plaintiff Oropeza and all other delivery workers were not even paid at either the required minimum wage or the lower tip-credit rate by Defendants; however, under state law Defendants were not entitled to a tip credit because Plaintiff Oropeza's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

81.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).  Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

82.     In violation of federal and state law as codified above, Defendants classified Plaintiff Oropeza and other delivery workers as tipped employees but did not even pay them at the minimum wage or the tip-credited rate, when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

13

83.     Defendants' pay practices resulted in Plaintiff Oropeza not receiving payment for all his hours worked, resulting in Plaintiff's effective rate of pay falling below the required minimum and overtime wage rate.

84.     Prior to June 2016, Plaintiff Oropeza was paid his wages entirely in cash.

85.     In addition, as a requirement to release his weekly wages prior to June 2016, defendants required Plaintiff Oropeza to sign a document the contents of which he was not allowed to review.

86.     By employing these practices, Defendants avoided paying Plaintiff Oropeza the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

87.     At all relevant times, Defendants failed to post required wage and hour posters in the deli/restaurant, and did not provide Plaintiff Oropeza with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Oropeza's relative lack of sophistication in wage and hour laws.

88.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Oropeza (and similarly situated individuals) worked, and to avoid paying Plaintiff Oropeza properly for (1) his full hours worked, (2) the minimum  wage, (3) for overtime due and (4) the spread of hours pay.

89.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

90.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Oropeza and other similarly situated current and former delivery workers.

91.     Defendants failed to provide Plaintiff Oropeza and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

92.     Defendants failed to provide Plaintiff Oropeza and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

93.    Plaintiff Oropeza brings his FLSA claims for minimum and overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 class members") who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

94.    At all relevant times, Plaintiff Oropeza  and other members of the FLSA and Rule 23 Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully taking improper wage deductions and other improper credits against Plaintiff Oropeza's wages for which Defendants did not qualify under the FLSA.

95.    The claims of Plaintiff Oropeza stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

96.    Plaintiff Oropeza sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

16

97.    Plaintiff Oropeza brings his New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class."

98.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

99.    There are questions of law and fact common to the Class including:

a.    What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b.    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c.    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d.    Whether Defendants failed and/or refused to pay Plaintiff the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e.    Whether Defendants failed and/or refused to pay Plaintiff "Spread of Hours" Pay;

f.    Whether Defendants improperly deducted "shorts" from the Plaintiff's wages;

g.    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h.  What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

100.    The claims of the representative parties are typical of the claims of the class. Plaintiff and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiff were and are typical of those of class members.

101.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

102.    The common questions of law and fact predominate over questions affecting only individual members.

103.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

104.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

105.    Plaintiff Oropeza repeats and realleges all paragraphs above as though fully set forth herein.

106.    At all times relevant to this action, Defendants were Plaintiff Oropeza's employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Oropeza (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

107.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

108.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

109.    Defendants failed to pay Plaintiff Oropeza (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

110.    Defendants' failure to pay Plaintiff Oropeza (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

111.    Plaintiff Oropeza (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

112.    Plaintiff Oropeza repeats and realleges all paragraphs above as though fully set forth herein.

113.    At all times relevant to this action, Defendants were Plaintiff Oropeza's employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Oropeza (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

114.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

115.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

116.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Oropeza  (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

20

117.    Defendants' failure to pay Plaintiff Oropeza (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

118.    Plaintiff Oropeza (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

119.    Plaintiff Oropeza repeats and realleges all paragraphs above as though fully set forth herein.

120.    At all times relevant to this action, Defendants were Plaintiff Oropeza's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Oropeza (and the FLSA and Rule 23 class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

121.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Oropeza (and the FLSA and Rule 23 class members) less than the minimum wage.

122.    Defendants' failure to pay Plaintiff Oropeza (and the FLSA and Rule 23 class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

123.    Plaintiff Oropeza (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK STATE
## LABOR LAW'S OVERTIME PROVISIONS

124.    Plaintiff Oropeza repeats and realleges all paragraphs above as though fully set forth herein.

125.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Oropeza (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

126.    Defendants' failure to pay Plaintiff Oropeza (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

127.     Plaintiff Oropeza (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR)

128.    Plaintiff Oropeza repeats and realleges all paragraphs above as though fully set forth herein.

129.    Defendants failed to pay Plaintiff Oropeza (and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Oropeza's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

130.    Defendants' failure to pay Plaintiff Oropeza (and the FLSA and Rule 23 class members) an additional hour's pay for each day Plaintiff Oropeza's spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

131.    Plaintiff Oropeza was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

132.    Plaintiff Oropeza repeats and realleges all paragraphs above as though fully set forth herein.

133.    Defendants failed to provide Plaintiff Oropeza (and the FLSA and Rule 23 class members) with a written notice, in English and in Spanish (Plaintiff Oropeza's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

134.    Defendants are liable to Plaintiff Oropeza in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

135.    Plaintiff Oropeza repeats and realleges all paragraphs above as though set forth fully herein.

136.    Defendants did not provide Plaintiff Oropeza (and the FLSA and Rule 23 class members) with a statement of wages with each payment of wages, as required by NYLL 195(3).

137.    Defendants are liable to Plaintiff Oropeza in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## UNLAWFUL DEDUCTIONS FROM TIPS IN
## VIOLATION OF THE NEW YORK LABOR LAW

138.    At all relevant times, Defendants were Plaintiff Oropeza's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

139.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

140.    Defendants unlawfully misappropriated a portion of Plaintiff Oropeza's tips that were received from customers.

141.    Defendants knowingly and intentionally retained a portion of Plaintiff Oropeza's (and the FLSA and Rule 23 class members) tips in violations of the NYLL and supporting Department of Labor Regulations.

142.    Plaintiff Oropeza was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Oropeza respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Oropeza and the FLSA and Rule 23 class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Oropeza and the FLSA and Rule 23 class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Oropeza's, and the FLSA and Rule 23 class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Oropeza and the FLSA and Rule 23 class members;

(f)    Awarding Plaintiff Oropeza and the FLSA and Rule 23 class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)    Awarding Plaintiff Oropeza and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Oropeza and the members of the FLSA and Rule 23 Class;

25

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Oropeza  and the members of the FLSA and Rule 23 Class;

(j)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Oropeza  and the members of the FLSA and Rule 23 Class;

(k)      Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Oropeza's, and the FLSA and Rule 23 class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Oropeza's, and the FLSA and Rule 23 class members', compensation, hours, wages; and any deductions or credits taken against wages;

(m)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Oropeza and the FLSA and Rule 23 class members;

(n)      Awarding Plaintiff Oropeza and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(o)      Awarding Plaintiff Oropeza and the FLSA and Rule 23 class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)      Awarding Plaintiff Oropeza and the FLSA and Rule 23 class members liquidated

26

damages in an amount equal to one hundred percent (100%) of the total amount of minimum

wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL §

663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

    (q)    Awarding Plaintiff Oropeza and the FLSA and Rule 23 class members pre-

judgment and post-judgment interest as applicable;

    (r)    Awarding Plaintiff Oropeza  and the FLSA and Rule 23 class members the

expenses incurred in this action, including costs and attorneys' fees;

    (s)    Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

    (t)    All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Oropeza demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
     June 9, 2017

                     MICHAEL FAILLACE & ASSOCIATES, P.C.

                         /s/ Michael Faillace
                 By:   Michael A. Faillace [MF-8436]
                     60 East 42nd Street, Suite 4510
                     New York, New York 10165
                     (212) 317-1200
                     *Attorneys for Plaintiff*

27

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 12, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Francisco Oropeza Duran

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      12 de abril de 2017

*Certified as a minority-owned business in the State of New York*